IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISON

MEDSHIFT, LLC,

    Plaintiff,

v.

VIGOR SERVICES, LLC d/b/a REVIBE MEN'S HEALTH,

    Defendant.

Civil Action No. 3:24-CV-00629

## ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIMS

COMES NOW Plaintiff MedShift, LLC ("MedShift" or "Plaintiff"), by and through undersigned counsel, and hereby files its Answer and Affirmative Defenses to Defendant Vigor Services, LLC d/b/a Revibe Men's Health's ("Defendant" or "Revibe") Verified Counterclaims. Plaintiff states as follows:

### First Defense

The Counterclaims fail to state a claim upon which relief can be granted and should be dismissed pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6).

### Second Defense

The Counterclaims are barred by the doctrine of unclean hands.

### Third Defense

By its actions and inaction, Defendant's Counterclaims are barred by the doctrines of waiver and estoppel.

### Fourth Defense

The Counterclaims are barred because Defendant failed to join all required or indispensable parties to this litigation under Rule 19 of the Federal Rules of Civil Procedure.

### Fifth Defense

The Counterclaims are barred because Defendant failed to complete one or more conditions precedent.

### Sixth Defense

The Counterclaims are barred by the doctrine of unconscionability.

### Seventh Defense

Plaintiff reserves the right to assert additional affirmative defenses as they become known to Plaintiff as the parties' progress through discovery.

### PLAINTIFF'S ANSWER TO COUNTERCLAIMS

### NATURE OF THE CASE

1. Responding to Paragraph 1 of Defendant's Counterclaim, Plaintiff states that the allegations are general in nature and do not require a response. To the extent a response is required, Plaintiff denies the allegations.

### PARTIES

2. Responding to Paragraph 2 of Defendant's Counterclaim, Plaintiff is without sufficient information or belief to admit or deny the totality of the allegations and therefore deny the same. By way of further response, Plaintiff admits, upon

information and belief, that Defendant's principal place of business is located in Hawaii.

3. Responding to Paragraph 3 of Defendant's Counterclaim, Plaintiff is without sufficient information or belief to admit or deny the allegations and therefore deny the same.

4. Responding to Paragraph 4 of Defendant's Counterclaim, Plaintiff admits that MedShift is a limited liability company duly authorized and existing under and by virtue of the laws of the State of North Carolina, with its principal place of business in the State of North Carolina. Plaintiff denies the remaining allegations of Paragraph 4. By way of further response, Plaintiff shows that MedShift's members are citizens of North Carolina, New Jersey, and California.

5. Responding to Paragraph 5 of Defendant's Counterclaim, Plaintiff admits the allegations.

6. Responding to Paragraph 6 of Defendant's Counterclaim, Plaintiff admits the allegations.

**GENERAL ALLEGATIONS**

7. Responding to Paragraph 7 of Defendant's Counterclaim, Plaintiff admits the allegations.

8. Responding to Paragraph 8 of Defendant's Counterclaim, Plaintiff admits that the Agreement is a written document, the terms of which speak for themselves. To the extent the allegations of Paragraph 8 differ in any respect from

the written document, MedShift denies the allegations. Except as expressly admitted, denied.

9. Responding to Paragraph 9 of Defendant's Counterclaim, Plaintiff admits that the Agreement is a written document, the terms of which speak for themselves. To the extent the allegations of Paragraph 9 differ in any respect from the written document, MedShift denies the allegations. Except as expressly admitted, denied.

10. Responding to Paragraph 10 of Defendant's Counterclaim, Plaintiff admits that the Agreement is a written document, the terms of which speak for themselves. To the extent the allegations of Paragraph 10 differ in any respect from the written document, MedShift denies the allegations. Except as expressly admitted, denied.

11. Responding to Paragraph 11 of Defendant's Counterclaim, Plaintiff admits that the Agreement is a written document, the terms of which speak for themselves. To the extent the allegations of Paragraph 11 differ in any respect from the written document, MedShift denies the allegations. Except as expressly admitted, denied.

12. Responding to Paragraph 12 of Defendant's Counterclaim, Plaintiff denies the allegations.

13. Responding to Paragraph 13 of Defendant's Counterclaim, Plaintiff admits only that the Agreement is a written document, the terms of which speak for themselves. Except as expressly admitted, denied.

14. Responding to Paragraph 14 of Defendant's Counterclaim, Plaintiff admits only that the Agreement is a written document, the terms of which speak for themselves. Except as expressly admitted, denied.

15. Responding to Paragraph 15 of Defendant's Counterclaim, Plaintiff admits that the Agreement is a written document, the terms of which speak for themselves. To the extent the allegations of Paragraph 15 differ in any respect from the written document, MedShift denies the allegations. Except as expressly admitted, denied.

16. Responding to Paragraph 16 of Defendant's Counterclaim, Plaintiff admits only that Patricia Scheller executed a personal guaranty of the Agreement. Plaintiff is without additional information or belief to admit or deny any remaining allegations. Except as specifically admitted, denied.

17. Responding to Paragraph 17 of Defendant's Counterclaim, Plaintiff admits that the Agreement is a written document, the terms of which speak for themselves. To the extent the allegations of Paragraph 17 differ in any respect from the written document, MedShift denies the allegations. Except as expressly admitted, denied.

18. Responding to Paragraph 18 of Defendant's Counterclaim, Plaintiff denies the allegations.

19. Responding to Paragraph 19 of Defendant's Counterclaim, Plaintiff denies the allegations.

20. Responding to Paragraph 20 of Defendant's Counterclaim, Plaintiff denies the allegations.

21. Responding to Paragraph 21 of Defendant's Counterclaim, Plaintiff denies the allegations.

22. Responding to Paragraph 22 of Defendant's Counterclaim, Plaintiff is without sufficient information or belief to admit or deny the allegations and therefore deny the same.

23. Responding to Paragraph 23 of Defendant's Counterclaim, Plaintiff denies the allegations.

24. Responding to Paragraph 24 of Defendant's Counterclaim, Plaintiff admits only to receiving some funds from Defendant. Except as specifically admitted, denied.

25. Responding to Paragraph 25 of Defendant's Counterclaim, Plaintiff denies the allegations.

26. Responding to Paragraph 26 of Defendant's Counterclaim, Plaintiff denies the allegations.

27. Responding to Paragraph 27 of Defendant's Counterclaim, Plaintiff denies the allegations.

28. Responding to Paragraph 28 of Defendant's Counterclaim, Plaintiff denies the allegations.

29. Responding to Paragraph 29 of Defendant's Counterclaim, Plaintiff admits only their counsel engaged with Defendant regarding the parties' Agreement. Except as specifically admitted, denied.

30. Responding to Paragraph 30 of Defendant's Counterclaim, Plaintiff denies the allegations.

## COUNT I – BREACH OF CONTRACT

31. Responding to Paragraph 31 of Defendant's Counterclaim, Plaintiff states that it is an incorporation paragraph, to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

32. Responding to Paragraph 32 of Defendant's Counterclaim, Plaintiff denies the allegations.

33. Responding to Paragraph 33 of Defendant's Counterclaim, Plaintiff denies the allegations.

34. Responding to Paragraph 34 of Defendant's Counterclaim, Plaintiff denies the allegations. By way of further response, MedShift affirmatively alleges that Revibe breached the parties' Agreement, as alleged in Plaintiff's Complaint.

35. Responding to Paragraph 35 of Defendant's Counterclaim, Plaintiff denies the allegations.

## COUNT II – Unfair and Deceptive Trade Practices Act (N.C.G.S. § 75-1.1)

36. Responding to Paragraph 36 of Defendant's Counterclaim, Plaintiff states that it is an incorporation paragraph, to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

37. Responding to Paragraph 37 of Defendant's Counterclaim, Plaintiff denies the allegations.

38. Responding to Paragraph 38 of Defendant's Counterclaim, Plaintiff denies the allegations.

39. Responding to Paragraph 39 of Defendant's Counterclaim, Plaintiff denies the allegations.

40. Responding to Paragraph 40 of Defendant's Counterclaim, Plaintiff denies the allegations.

41. Responding to Paragraph 41 of Defendant's Counterclaim, Plaintiff denies the allegations.

42. Responding to Paragraph 42 of Defendant's Counterclaim, Plaintiff denies the allegations.

## **COUNT III – FRAUD IN THE INDUCEMENT**

43. Responding to Paragraph 43 of Defendant's Counterclaim, Plaintiff states that it is an incorporation paragraph, to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

44. Responding to Paragraph 44 of Defendant's Counterclaim, Plaintiff denies the allegations.

45. Responding to Paragraph 45 of Defendant's Counterclaim, Plaintiff denies the allegations.

46. Responding to Paragraph 46 of Defendant's Counterclaim, Plaintiff denies the allegations.

47. Responding to Paragraph 47 of Defendant's Counterclaim, Plaintiff denies the allegations.

48. Responding to Paragraph 48 of Defendant's Counterclaim, Plaintiff denies the allegations.

49. Responding to Paragraph 49 of Defendant's Counterclaim, Plaintiff denies the allegations.

50. Responding to Paragraph 50 of Defendant's Counterclaim, Plaintiff denies the allegations.

51. Responding to Paragraph 51 of Defendant's Counterclaim, Plaintiff denies the allegations.

## **COUNT IV – NEGLIGENT MISREPRESENTATION**

52. Responding to Paragraph 52 of Defendant's Counterclaim, Plaintiff states that it is an incorporation paragraph, to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

53. Responding to Paragraph 53 of Defendant's Counterclaim, Plaintiff denies the allegations.

54. Responding to Paragraph 54 of Defendant's Counterclaim, Plaintiff denies the allegations.

55. Responding to Paragraph 55 of Defendant's Counterclaim, Plaintiff denies the allegations.

56. Responding to Paragraph 56 of Defendant's Counterclaim, Plaintiff denies the allegations.

57. Responding to Paragraph 57 of Defendant's Counterclaim, Plaintiff denies the allegations.

58. Responding to Paragraph 58 of Defendant's Counterclaim, Plaintiff denies the allegations.

59. Responding to Paragraph 59 of Defendant's Counterclaim, Plaintiff denies the allegations.

60. Responding to Paragraph 60 of Defendant's Counterclaim, Plaintiff states that it is an incorporation paragraph, to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

61. Responding to Paragraph 61 of Defendant's Counterclaim, Plaintiff denies the allegations.

62. Responding to Paragraph 62 of Defendant's Counterclaim, Plaintiff denies the allegations.

63. Responding to Paragraph 63 of Defendant's Counterclaim, Plaintiff denies the allegations.

64. Responding to Paragraph 64 of Defendant's Counterclaim, Plaintiff denies the allegations.

65. Responding to Paragraph 65 of Defendant's Counterclaim, Plaintiff denies the allegations.

66. Responding to Paragraph 61 of Defendant's Counterclaim, Plaintiff denies the allegations.

WHEREFORE, Plaintiff prays the Court for the following relief:

1. That Defendant's Counterclaim be dismissed, with prejudice, in its entirety;

2. That Defendant's be taxed with the costs of this action, including reasonable attorneys' fees;

3. For all other and further relief as the Court deems just and proper.

This the 30th day of July, 2024.

                                                      LORD & LINDLEY, PLLC

                                                      /s/ Kevin G. Sweat
                                                    Harrison A. Lord (NCSB# 36236)
                                                   hlord@lordlindley.com
                                                 Trey Lindley (NCSB# 31650)
                                                 tlindley@lordlindley.com
                                                 Kevin G. Sweat (NCSB# 52951)
                                                 ksweat@lordlindley.com
                                                 1057 East Morehead St, #120
                                                 Charlotte, NC  28204
                                                 704-405-8999 (Phone)
                                                 704-943-3779 (Fax)

                                                 *Attorneys for Plaintiff*

# **CERTIFICATE OF SERVICE**

I, Kevin G. Sweat, certify that the foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM** was filed this day with the Clerk of Court, using the CM/ECF system, which will give notice of same to the following counsel of record:

Virginia M. Wooten
Meredith F. Hamilton
Komlavi Atsou
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
201 South College Street, Suite 2300
Charlotte, N.C. 28244
Telephone: 704-342-2588
Facsimile: 704-342-4379
Email: virginia.wooten@ogletree.com
Meredith.hamilton@ogletree.com
Komlavi.atsou@ogletree.com

This the 30th day of July, 2024.

LORD & LINDLEY, PLLC

 /s/ Kevin G. Sweat
Harrison A. Lord (NCSB# 36236)
hlord@lordlindley.com
Trey Lindley (NCSB# 31650)
tlindley@lordlindley.com
Kevin G. Sweat (NCSB# 52951)
ksweat@lordlindley.com
1057 East Morehead St, #120
Charlotte, NC 28204
704-405-8999 (Phone)
704-943-3779 (Fax)

*Attorneys for Plaintiff*