IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MEDSHIFT, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>VIGOR SERVICES, LLC dba<br>REVIBE MEN'S HEALTH,<br><br>    Defendant,<br><br>v.<br><br>BTL INDUSTRIES, INC.,<br>362 ELM ST.<br>Marlborough, MA 01752 | Civil Action No. 3:24-cv-00629 |

## FIRST AMENDED THIRD-PARTY COMPLAINT

For its First Amended Third-Party Complaint against BTL Industries, Inc. ("BTL"), Defendant Vigor Services, LLC d/b/a Revibe Men's Health ("Revibe") states as follows:

### NATURE OF THE CASE

1. Revibe brings its First Amended Third-Party Complaint against BTL to recover damages resulting from BTL's misrepresentations to Revibe about services to be provided in connection with Revibe's leasing of six (6) Emsculpt Neo equipment for its men's clinics located in Tulsa, OK; Tucson, AZ; Seattle, WA; Salt Lake City, UT; San Antonio, TX; and Sacramento, CA.

### PARTIES

2.  a.  Revibe is a limited liability company organized under the laws of the State of Delaware.

   b.  Revibe is a citizen of the State of Texas.

  c. Revibe has its principal place of business located in Hawaii.

  d. Revibe is not a citizen of the State of North Carolina.

3. Revibe is owned 100% by Intellectual Holdings LLC. The members of Intellectual Holdings LLC include Bernard Brozek, who is a citizen of the State of Texas, and Tom Harman, who is a citizen of Texas.

4. a. Upon information and belief, BTL was and is still a foreign corporation registered in the State of Massachusetts.

  b. BTL is a citizen of the State of Massachusetts.

  c. BTL has its principal place of business located in the State of Massachusetts at 362 Elm Street, Marlborough, MA 01752.

  d. Upon information and belief, BTL is not a publicly traded company.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the First Amended Third-Party Complaint pursuant to 28 U.S.C. § 1332 because Revibe and MedShift are citizens of different states as shown in Paragraphs 2(a) through 4(d) of the Verified Complaint and the subject matter of the controversy exceeds $75,000.00, exclusive of interest, attorney's fees, and costs.

6. Venue is proper in this Court.

## GENERAL ALLEGATIONS

7. BTL develops and manufactures medical and aesthetic equipment, including the Emsculpt Neo (the "Equipment").

8. Revibe owns and operates men's clinics in several states, including Oklahoma, Arizona, Washington, Utah, Texas, and California.

9. In January 2022, Revibe leased the Equipment for each of its six (6) men's clinics in Oklahoma, Arizona, Washington, Utah, Texas, and California.

10. Revibe financed the lease of the Equipment for the men's clinics through MedShift, LLC ("MedShift"), the Plaintiff in this case. *See* End User Subscription Agreement ("Agreement") dated January 26, 2022, which is attached to MedShift's Verified Complaint in this action.

11. Addendum A to the Agreement reads:

*"The Service shall be defined as:*

*1. Delivery and installation of the EMsculp device which shall be stored and used at Revibe – Tulsa, OK; Tuzany [sic] AZ; Seattle, WA; Salt Lake City, UT; and San Antonio, TX (the "Premises") and all associated consumables, applications for EMsculp procedures and associated parts (collectively, the "Product") with supporting documentation, analytics data, software, manufacturer and MedShift provide marketing, and in person training.*

*a. In person or video training conference clinical training on site within the Premises for Subscriber staff, and team[.]*

*2. The MedShift Operative Analytics and Cloud Platform consists of features and function processed with MedShift HIPAA compliant frameworks and includes[:]*

*a. Treatment data derived from the devices conducting the treatment (if enabled by manufacturer);*

*b. Software configured on Products which communicates with MedShift HIPAA compliant cloud computing infrastructure in real time.*

*c. Secure information storage with access and control defined in the Business Associate Agreement in section 7 of Agreement.*

   3.  Marketing Services

   a.  Listing on Manufacturers provider website when compliant with MAP as defined in section 20[.]"

12. Section 2 of the Agreement identifies BTL as the "Manufacturer" of the Equipment.

13. Section 20 of the Agreement provides:

"**EMSculpt Neo Pricing Policy**. *It is MedShift's and BTL Industries goal to ensure the investment our customers make in the Emsculpt technology continue to not only retain its value, but grow in value. To this end, BTL Industries has developed the Emsculpt pricing policy, including a Minimum Advertised Price (MAP). If Customer participates in Emsculpt NEO MAP minimum advertise pricing of $850/treatment and Emsculpt MAP (minimum advertised pricing of $750/treatment), BTL will offer the following benefits:*

1. *include Subscriber in BTL's provider directory,*
2. *2nd and 3rd year warranty service coverage at no charge (annual value of $15,000) on the Emsculpt NEO device (excluding consumable and replacement parts), and*
3. *discount from list price for replacement applicators (Emsculpt NEO applicators discounted from $30,000 to $15,000). BTL will provide customer with a written notice of the fist non-compliance with MAP, and a second infraction will result in loss of benefits. Examples of non-compliance to MAP policy include representing over the phone, promoting, or publishing:*

1. *Treatments at a price below the MAP*
2. *"Buy one, get one" offers*
3. *Package offers averaging out to less than MAP*
4. *Statements such as or similar to "we will beat any price" or "guaranteed lowest pricing anywhere"*
5. *Participating in social coupons and discount sites[.]*

14. On January 28, 2022, MedShift informed Revibe that the Equipment was coming from BTL directly to Revibe.

15. BTL installed the Equipment at Revibe's clinics between February and June 2022.

16. BTL conducted its initial trainings of Revibe's employees at some of Revibe's men's clinics between February and March 2022.

17. Joshua Fryer ("Fryer"), then Assistant Director of Operations at Revibe, attended some of BTL's initial trainings at Revibe's clinics between February and March 2022. During the initial trainings, Kelly Owens ("Owens") from BTL represented to Fryer that BTL would provide technical support, marketing support, business support, medical support, and continuing education on the Equipment to Revibe's clinics. Owens and BTL's representations were false.

18. BTL provided little to no support to Revibe after the initial trainings.

19. BTL's clinical trainers assigned to Revibe at the time, *i.e.*, Cole Wheeler, Kelly Owens, and Vickie Micheals, did not respond to Revibe's inquiries about the Equipment.

20. Bernard Brozek became Chief Executive Officer of Revibe in August 2022. From that time, Revibe repeatedly expressed its complete disappointment with BTL's services to BTL and MedShift and expressed its intent to cancel the Agreement. Also, Revibe expressed its intent not to order any additional Equipment.

5

21. In order to convince Revibe not to terminate the Agreement, BTL, either individually or in conspiracy with MedShift, made several misrepresentations to Revibe.

22. For example, Scott Mills, President of Sales at BTL, sent an e-mail to Revibe on March 14, 2023, stating: "Great, our BTL team is there to support, assist and offer suggestions that have been successful around the country in other clinics. BTL and MedShift would love to see Revibe turn things around at each of these six locations!" This was a false representation by BTL.

23. In March 2023, Mills and Joe Gasque ("Gasque"), Chief Executive Officer of MedShift, repeatedly represented to Bernard Brozek (Chief Executive Officer of Revibe) that the Equipment was attractive to men and could be used for men. However, this representation was also false.

24. In March 2023, Gasque and Mills further represented to Brozek that Revibe would be "printing money" with the Equipment, meaning that the Equipment would increase Revibe's revenue and profitability. Again, this representation was false.

25. Previously, in January 2023, Gasque and Mills represented to Revibe that MedShift and BTL would implement a strategy to help Revibe market the Equipment to MedShift's customers. This was another false representation.

26. As a direct result of BTL's misrepresentations, fraudulent and/or negligent conduct, and unfair, deceptive trade practices described herein, Revibe suffered damages in excess of $75,000.00, exclusive of interest, attorney's fees, and costs, with the exact amount of Revibe's damages to be proven at trial.

6

## COUNT I – Unfair and Deceptive Trade Practices Act (N.C.G.S. § 75-1.1)

27. Revibe repeats and incorporates by reference Paragraph 1 through 26 of the First Amended Third-Party Complaint for Paragraph 27.

28. BTL committed unfair and/or deceptive practices as outlined in Paragraphs 13 through 25 above.

29. BTL's unfair and/or deceptive practices were in and/or affected commerce.

30. BTL's unfair practices were unethical, unscrupulous and/or injurious to consumers.

31. BTL's practices had the capacity or tendency to deceive Revibe, were intended to deceive, and did in fact deceive Revibe.

32. BTL's unfair and/or deceptive practices proximately caused injury to Revibe in excess of $75,000.00, exclusive of interest, attorney's fees, and costs, with the exact amount of Revibe's damages to be proven at trial.

## COUNT II – FRAUD IN THE INDUCEMENT

33. Revibe repeats and incorporates by reference Paragraph 1 through 32 of the First Amended Third-Party Complaint for Paragraph 33.

34. BTL made false representations to Revibe as outlined in Paragraphs 13 through 25 above.

35. BTL's false representations to Revibe was reasonably calculated to deceive Revibe.

36. BTL made the false representations with the intent to deceive Revibe.

37. BTL's false representations did in fact deceive Revibe.

38. BTL made the false representations to convince Revibe not to cancel the Agreement.

39. BTL's representations were material to Revibe's decision not to cancel the Agreement.

40. As a result of BTL's false representations, Revibe suffered damages in excess of $75,000.00, exclusive of interest, attorney's fees, and costs, with the exact amount of Revibe's damages to be proven at trial.

## **COUNT III – NEGLIGENT MISREPRESENTATION**

41. Revibe repeats and incorporates by reference Paragraph 1 through 40 of the First Amended Third-Party Complaint for Paragraph 41.

42. In the course of its business with Revibe, BTL made false representations to Revibe as outlined in Paragraphs 13 through 25 above.

43. BTL's false representations to Revibe were reasonably calculated to deceive Revibe.

44. BTL made the false representations with the intent that Revibe would rely on the representations, and BTL failed to exercise reasonable care or competence in communicating the false representations.

45. Revibe did in fact justifiably rely on the false representations.

46. BTL's false representations were material to Revibe's decision not to cancel the Agreement.

47. As a result of BTL's false representations, Revibe suffered damages in excess of $75,000.00, exclusive of interest, attorney's fees, and costs, with the exact amount of Revibe's damages to be proven at trial.

## COUNT IV - CIVIL CONSPIRACY

48. Revibe repeats and incorporates by reference Paragraph 1 through 47 of the First Amended Third-Party Complaint for Paragraph 48.

49. MedShift and BTL agreed and conspired among themselves to engage in unfair and/or deceptive practice as outlined in Count I of the First Amended Third-Party Complaint.

50. MedShift and BTL also agreed and conspired among themselves to make false and/or negligent representations to Revibe as outlined in Count II and Count III of the First Amended Third-Party Complaint.

51. The acts outlined under Counts I, II and III of the First Amended Third-Party Complaint were unlawful and/or done in an unlawful way.

52. MedShift and BTL agreed and conspired against Revibe pursuant to a common scheme to generate revenue from the lease of the Equipment to Revibe.

64. As a result, Revibe suffered damages in excess of $75,000.00, exclusive of interest, attorney's fees, and costs, with the exact amount of Revibe's damages to be proven at trial.

WHEREFORE, Revibe hereby requests that judgment be entered in its favor and against BTL as follows:

**(1)** **As to Count I:** A judgment in favor of Revibe and against BTL for unfair and/or deceptive practices in an amount to be determined at trial, and an award of treble damages, and attorney's fees.

**(3)** **As to Count II**: A judgment in favor of Revibe and against BTL for fraud in the inducement in an amount to be determined at trial, and an award of punitive damages, and attorney fees.

(4) **As to Count III**: A judgment in favor of Revibe and against BTL for negligent misrepresentation in an amount to be determined at trial, and attorney fees.

(5) **As to Count IV:** a judgment in favor of Revibe and against BTL for civil conspiracy in an amount to be determined at trial, and an award of punitive damages, and attorney fees.

(6) **As to all Counts:** Any such other relief, legal or equitable, that this Court deems suitable and proper.

Dated this the 4th day of November, 2024.

Respectfully submitted,

*/s/ Virginia M. Wooten*
Virginia M. Wooten, NC #48180
Meredith F. Hamilton, NC # 50703
*Attorneys for Defendant*
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704-342-2588
Facsimile: 704-342-4379
Email: virginia.wooten@ogletree.com
          meredith.hamilton@ogletree.com

Komlavi Atsou, OH #0084235
Attorney for Defendant
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Key Tower
127 Public Square, Suite 4100
Cleveland, OH 44114
Office: 216-241-6100
Fax: 216-357-4733
Email: komlavi.atsou@ogletree.com

# CERTIFICATE OF SERVICE

I, **Virginia M. Wooten**, hereby certify that I have this day electronically filed and served the foregoing **FIRST AMENDED THIRD-PARTY COMPLAINT** with the Clerk of Court using the CM/ECF system which will give notice of the same to the following:

Trey Lindley, Esq.
Lord & Lindley, PLLC
326 West 10th Street
Charlotte, NC 29202
tlindley@lordlindley.com
*Attorney for Plaintiff*

Dated this the 4th day of November, 2024.

/s/ *Virginia M. Wooten*
Virginia M. Wooten, NC #48180
*Attorney for Defendant*
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC  28244
Telephone:  704-342-2588
Facsimile:  704-342-4379
Email:  virginia.wooten@ogletree.com

Komlavi Atsou, OH #0084235
Attorney for Defendant
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Key Tower
127 Public Square, Suite 4100
Cleveland, OH  44114
Office: 216-241-6100
Fax: 216-357-4733
Email:  komlavi.atsou@ogletree.com