IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:24-CV-00629

| | |
|---|---|
| MEDSHIFT, LLC, <br><br> Plaintiff, <br> v. <br><br> VIGOR SERVICES, LLC dba REVIBE MEN'S HEALTH, <br><br> Defendant, <br> v. <br><br> BTL INDUSTRIES, INC., <br><br> Third-Party Defendant. | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT/THIRD-PARTY PLAINTIFF VIGOR SERVICES, LLC dba REVIBE MEN'S HEALTH'S MOTION FOR LEAVE TO FILE SECOND AMENDED THIRD-PARTY COMPLAINT** |

The Court should grant Defendant/Third-Party Plaintiff Revibe permission to file the Second Amended Complaint. Federal Rule of Civil Procedure 15 expresses a policy of granting leave to amend liberally. None of the circumstances exist that can justify denying amendment: prejudice to the opposing party, bad faith, or futility. Accordingly, Revibe's motion should be granted.

**PROCEDURAL HISTORY**

Plaintiff MedShift filed its Complaint against Revibe in civil superior court, Mecklenburg County, on April 12, 2024, alleging three causes of action: (1) Breach of Contract, (2) Specific Performance, and (3) in the alternative, Unjust Enrichment. (DE 1, Ex. 1) Revibe was served with process on June 7, 2024, and removed the case to this Court on July 3, 2024. (*Id.*) On July 10, 2024, Revibe filed their Answer and

asserted counterclaims against MedShift. (DE 4) A Pretrial Order and Case Management Plan was entered on August 22, 2024, setting an April 25, 2025, discovery deadline, May 30, 2025 motions deadline, and October 20, 2025 trial. (DE 14)

On November 1, 2024, Revibe filed its Third-Party Complaint against BTL, asserting four causes of action: (1) Unfair and Deceptive Trade Practices, (2) Fraud in the Inducement, (3) Negligent Misrepresentation, and (4) Civil Conspiracy. (DE 15) On November 4, 2024, Revibe filed its First Amended Third Party Complaint against Third-Party Defendant BTL. (DE 17) On November 20, 2024, more than two weeks after the First Amended Third Party Complaint, Revibe filed a substitution of counsel, transferring its representation to a different law firm. (DE 20) The next day, BTL filed a motion for extension of time to respond to BTL's First Amended Third-Party Complaint, which was granted by the Court on the same day. (DE 22 and 23) On December 19, 2024, BTL filed its Motion to Dismiss Revibe's Third-Party Complaint. (DE 27-29)

## ARGUMENT

I. <u>**The Court Should Grant Leave to Amend the Complaint.**</u>

Federal Rule of Civil Procedure 15(a) directs that leave to amend a pleading "shall be freely given when justice so requires." "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits, rather than disposing of them on technicalities." *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 783 (E.D.N.C. 2011). "Delay alone is an insufficient reason to deny leave to amend. Rather, the delay must be accompanied by prejudice, bad faith, or futility."

4902-4565-2748, v. 1

*Glob. Locating Sys., LLC v. ShadowTrack 247, LLC*, No. 1:19-CV-00225-MR, 2020 WL 2114381, at *2 (W.D.N.C. May 4, 2020) (Reidinger, J.) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (cleaned up)). "For a proposed amendment to be futile, it must be 'clearly insufficient or frivolous of on its face." *Id.*, 2020 WL 2114381, at *1 (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). None of these conditions are present here.

Here, Revibe seeks to amend its third-party complaint for two purposes: (1) to specify BTL's actions that subject it to personal jurisdiction in this case; and (2) to add claims for joint venture and breach of contract third party beneficiary, which are based on the same operative facts as pleaded in the First Amended Third Party Complaint.

**A. The Amendment will not Prejudice Third-Party Defendant BTL.**

"Under Rule 15(a)(2), prejudice means that the party opposing the amendment would be hindered in the preparation of its case, or would have been prevented from taking some measure in support of its position." *Hatteras/Cabo Yachts, LLC v. M/Y EPIC*, No. 4:17-CV-00025-BR, 2020 WL 1668045, at *3 (E.D.N.C. Apr. 3, 2020) (quotation marks and citation omitted). "An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Laber v. Harbey*, 438 F.3d 404, 427 (4th Cir. 2006).

The Second Amended Complaint merely specifies the grounds for personal jurisdiction and adds additional theories of recovery to the facts already pleaded and

Case 3:24-cv-00629-MOC-DCK   Document 35   Filed 01/22/25   Page 3 of 12

4902-4565-2748, v. 1

offered before any discovery has occurred in this case. Discovery is not scheduled to end until April 25, 2025, even without the added third-party. *See Mebane v. GKN Driveline N. Am., Inc.*, No. 1:18-CV-892, 2022 WL 715922, at *3 (M.D.N.C. Mar. 10, 2022) (granting motion for leave to file fourth amended complaint because, among other things, "prejudice [wa]s reduced" since "discovery was still ongoing at the time the motion was filed"). The parties have neither served written discovery nor taken any depositions, and ample time remains for them to do so.

### B. The Amendment is Not in Bad Faith.

Revibe does not seek to amend in bad faith. Revibe seeks to have the Court resolve all matters arising from the same nucleus of operative fact on their merits. Further, newly retained counsel for Revibe is seeking to amend Revibe's claims to specify the grounds for personal jurisdiction and after having undertaken their own investigation upon substitution as counsel.

### C. The Amendment is not futile.

Lastly, the amendment will not be futile. An amendment is futile if it advances a claim or defense that is legally insufficient on its face, one that would not survive a motion to dismiss. *Brown v. First Advantage Background Servs. Corp.*, No. 1:23 CV 195, 2023 WL 7033908, at *1 (M.D.N.C. Oct. 26, 2023). A proposed amended complaint that contains additional allegations supporting a plaintiff's claim in response to a defendant's motion to dismiss, even when it sets forth some of the arguments contained in the motion, does not render the amendments so futile to deny a plaintiff's amendment. *Sisk v. Abbott Laboratories*, 1:11cv159, 2011 WL 13214075,

at *1 (W.D.N.C. Aug. 19, 2011) ("Although Defendant may or may not ultimately prevail on having the claims dismissed, the Court cannot say that the proposed amendments are so futile as to warrant denying Plaintiff an opportunity to amend."). Revibe's proposed Second Amended Third-Party Complaint does not present any claim that is legally insufficient on its face and, in fact, cures and renders moot issues raised by BTL in their Motion to Dismiss. Moreover, the amendment will relate back to the First Amended Complaint under Rule 15(c)(1)(A) and (c)(1)(b). The only consequence of amendment is the Court will be permitted resolve the case on the merits

## II.　In the alternative, this Court should deny BTL's motion to dismiss.

A motion to dismiss under Rule 12(b)(6) tests the legal and factual sufficiency of a complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007). The complaint, on its face, "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotation omitted). The court accepts plausible factual allegations made in a complaint as true. *Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP,* 213 F.3d 175, 180 (4th Cir. 2000). A well-pleaded complaint should stand, even if its success appears "remote and unlikely." *Bell*, 550 U.S. at 556. For these reasons, A motion to dismiss should be granted only in those rare instances when the plaintiff is not entitled to relief under any set of facts alleged. *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

### A. BTL is subject to personal jurisdiction in North Carolina.

Personal jurisdiction must comport with due process considerations, which require that the defendant have sufficient "minimum contacts with the forum so that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice." *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 228 (4th Cir. 2019) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (cleaned up).

Personal jurisdiction can be general or specific. For general jurisdiction, the defendant's contacts with the forum jurisdiction must be "so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 122, (2014). For specific jurisdiction, the defendant must have continuous and systematic contacts with the forum state and the claims at issue arise must arise from those contacts. *Id.* at 126-27. Both grounds for jurisdiction are present here.

The plaintiff in this case, Medshift, is a North Carolina citizen, as set forth in the complaint. (DE 1-1, p. 3) Medshift leased BTL's equipment to Revibe, under what appears to be a standard form End User Subscription Agreement. (DE 1-1, pp. 3, 10-17) That agreement was executed in Mecklenburg County, North Carolina, which, upon information and belief, is where all Medshift End User Subscription Agreements are executed. The End User Subscription Agreement identifies BTL as the manufacturer of the equipment. The agreement obligates BTL, as the manufacturer, to provide Revibe with training and support related to the leasing of the equipment. (DE 1-1, p. 12) Upon information and belief, these same terms are

included in all End User Subscription Agreements that Medshift finances for BTL's direct benefit.

General jurisdiction is present because Medshift's End User Subscription Agreement, which both obligates and benefits BTL, is such that BTL's contacts with North Carolina are constant and pervasive such that it is at home in this State.

Specific jurisdiction is present because BTL has "purposefully established minimum contacts in the forum State such that it should reasonably anticipate being haled into court there." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 189 (4th Cir. 2016). Medshift leased BTL's equipment to Revibe, under what appears to be a standard form End User Subscription Agreement. (DE 1-1, pp. 3, 10-17) That agreement was executed in Mecklenburg County, North Carolina, and that agreement both benefits and obligates BTL. (*Id*.) The litigation between Medshift and Revibe arises from this End User Agreement. BTL could certainly expect that if litigation ensued from a North Carolina subscription agreement for its product, it could be brought into a North Carolina court. This is not a scenario where BTL has been sued in North Carolina "solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

BTL argues that specific jurisdiction is lacking under *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 140 (4th Cir. 2020). In that case, a South Carolina resident was injured in a Marriott franchise hotel in Milan, Italy. *Id*. at 128. The Fourth Circuit declined to find specific jurisdiction in South Carolina because Marriott's activities in

South Carolina had nothing to do with the plaintiff's injury overseas. *Id*. at 139-40. Here, by contrast, Revibe's suit has everything to do with the End User Agreement executed in North Carolina, governed by North Carolina law, and that BTL both benefitted from and was obligated to perform under. (DE 1-1, pp. 3, 10-17).

**B. Revibe has pleaded claims for UDTPA, fraud in the inducement, negligent misrepresentation, and civil conspiracy.**

Revibe's First Amended Third Party Complaint alleges sufficient facts to state claims for relief for UDTPA, fraud in the inducement, negligent misrepresentation, and civil conspiracy.

As to the UDTPA claim, BTL argues that the claim cannot stand because BTL's alleged conduct did not have a "substantial effect" on Revibe's North Carolina operations. (DE 28, pp. 7-8) That is an issue for discovery. Revibe has been sued in North Carolina for alleged failure to make lease payments under a subscription agreement executed in North Carolina and governed by North Carolina law.

As to the fraud and negligent misrepresentation claims, BTL argues that three of the pleaded statements do not state a claim upon which relief can be granted. The first statement was made in January 2023 when Medshift and BTL "represented to Revibe that MedShift and BTL would implement a strategy to help Revibe market the Equipment to MedShift's customers." (DE 17 ¶ 25) The second statement was made in March 2023, when BTL "repeatedly represented… that the Equipment was attractive to men and could be used for men." (DE 17, ¶ 23) The third statement was made in March 2023 when BTL promised that Revibe "would be printing money" with the equipment. (DE 17, ¶ 25)

4902-4565-2748, v. 1

BTL's first argument is that Revibe needs to identify the date with greater specificity. BTL does not cite any case law for this narrow construct. Meanwhile, district courts in the Fourth Circuit have held that alleging approximate dates is sufficient when the pleaded allegations otherwise specify the representations at issue. *See e.g., Currie v. Wells Fargo Bank, N.A.,* 950 F. Supp. 2d 788, 799 (D. Md. 2013).

BTL otherwise argues that its representations are too vague to be actionable, or that the representations were just puffery. Those are questions for discovery though. BTL told Revibe that it would "implement a strategy to help Revibe market the Equipment to MedShift's customers." (DE 17, ¶ 25) That is a specific promise that BTL made to Revibe, that Revibe relied upon, and that BTL did not deliver on. And this was not a vague promise that BTL would help Revibe in the future. Rather, BTL made a promise to a customer that had leased its medical device equipment. BTL made that promise when the End User Subscription Agreement imposed duties on BTL to provide Revibe with certain assistance.

BTL also told Revibe that the Equipment was attractive to men, could be marketed to men, and that Revibe "would be printing money" with the Equipment. (DE 17, ¶¶ 23, 25) But BTL knew, as the manufacturer of the Equipment, that its representations were not true. To put a finer point on it, Revibe knew that the Equipment was designed for and marketed to women and that Revibe would not be able to sell the services to men. This would be akin to a horticulturist telling a customer that a certain plant will grow in the customer's soil and climate when the

horticulturist knows, based on their own experience and expertise, that the plant will not grow for the customer. Such conduct is actionable fraud and actionable negligent misrepresentation.

Last, the civil conspiracy theory should survive because Revibe has stated claims for relief against BTL.

## CONCLUSION

For the foregoing reasons, Revibe respectfully requests that the Court grant its motion for leave to file the proposed Second Amended Third-Party Complaint, or in the alternative, deny BTL's motion to dismiss the First Amended Complaint.

Dated this the 22nd day of January, 2025.

    Respectfully submitted,

    /s/ Steven A. Bader
    Steven A. Bader
    N.C. State Bar No. 55931
    E-mail: sbader@cshlaw.com
    Kelley M. Petcavich
    N.C. State Bar No. 59412
    E-mail: kpetcavich@cshlaw.com
    Post Office Box 27808
    Raleigh, North Carolina 27611-7808
    Telephone: 919-828-5100
    *Attorneys for Defendant/Counter*
    *Claimant/Third-Party Plaintiff*
    *Vigor Services, LLC*

**CERTIFICATION REGARDING USE OF ARTIFICIAL INTELLIGENCE**

Pursuant to the June 18, 2024 Standing Order of this Court In Re: Use of Artificial Intelligence, 3:24-mc-104, counsel, by signing above, submits the following certification regarding Revibe's Reply Brief in Support of its Motion for Leave to File a Second Amended Third-Party Complaint.

1. No artificial intelligence was employed in doing the research for the preparation of this Memorandum, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg, as well as Google and Google Scholar;

2. Every statement and every citation to an authority contained in this Memorandum has been checked by the undersigned as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed and served the foregoing *Memorandum of Law* with the Clerk of Court using the CM/ECF system which will give notice to all counsel of record:

Trey Lindley, Esq.
Lord & Lindley, PLLC
326 West 10th Street
Charlotte, NC 29202
Email: tlindley@lordlindley.com
*Attorney for Plaintiff*

Jacob H. Wellman
Teague Campbell Dennis & Gorham, LLP
P.O. Box 19207
Raleigh, NC 27619-9207
Email: jwellman@teaguecampbell.com
*Attorneys for Third-Party Defendant BTL Industries, Inc.*

Dated this the 22nd day of January, 2025.

Respectfully submitted,

/s/ Steven A. Bader
Steven A. Bader
N.C. State Bar No. 55931
Kelley M. Petcavich
N.C. State Bar No. 59412
E-mail: sbader@cshlaw.com
E-mail: kpetcavich@cshlaw.com
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone: 919-828-5100
*Attorneys for Defendant/Counter Claimant/Third-Party Plaintiff Vigor Services, LLC*

4902-4565-2748, v. 1