IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MEDSHIFT, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| VIGOR SERVICES, LLC d/b/a REVIBE ) | |
| MEN'S HEALTH, ) | Civil Action No. 3:24-cv-00629 |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BTL INDUSTRIES, INC., ) | |
| ) | |
| Third-Party Defendant. ) | |

### **REPLY IN SUPPORT OF THIRD-PARTY DEFENDANT BTL INDUSTRIES, INC.'S MOTION TO DISMISS**

NOW COMES Third-Party Defendant BTL Industries, Inc. and submits its Reply Brief to respond to arguments raised in the opposition brief of Third-Party Plaintiff Vigor Services, LLC d/b/a Revibe Men's Health.

### ARGUMENT

Revibe first contends that BTL is subject to general personal jurisdiction in North Carolina because "Medshift's End User Subscription Agreement, which both obligates and benefits BTL, is such that BTL's contacts with North Carolina are constant and pervasive such that it is at home in this State." The End User Subscription Agreement evidences no contacts between BTL and North Carolina, much less contacts that are sufficient to render BTL at home in North Carolina. In only exceptional cases can a company be at home in a state other than the

states in which it is incorporated and headquartered.  *Daimler AG v. Bauman*, 571 US 117, 137 (2014).  If a company is deemed to be at home in a state where the companies with which it does business happen to be located, it can be deemed at home anywhere.  This would render the Supreme Court's explicit limitations on general jurisdiction meaningless.  BTL is a Delaware corporation headquartered in Marlborough, Massachusetts. (D.E. 17, ¶ 3; Chmel Decl. ¶ 3)  The fact that it has done business with a company located in North Carolina does not relocate it to North Carolina, and it is not subject to general personal jurisdiction here.

Revibe offers the alternative argument that BTL is subject to specific personal jurisdiction because, through Medshift and Revibe's End User Subscription Agreement, it established sufficient minimum contacts with North Carolina such that it should reasonably anticipate being haled into court here.  Revibe's argument ignores the requirement that its claims must arise out of BTL's activities directed at North Carolina.  *Perdue Foods, LLC v. BRF S.A.*, 814 F.3d 185, 189 (4th Cir. 2016).  "Specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction."  *Bristol-Myers Squibb Co. v. Superior Court of California*, 582 U.S. 255, 262 (2017).  Even if the End User Subscription Agreement was executed in North Carolina, it was not executed by BTL.  This is insufficient to establish specific personal jurisdiction because "the connection between the defendant and the forum 'must arise out of contacts that the defendant *himself* creates with the form State.'"  *Fidrych v. Marriott International, Inc.*, 952 F.3d 124 (4th Cir. 2020), *quoting Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis in original).[1]  The Amended Complaint

---

[1] Revibe misapprehends BTL's argument concerning the Fourth Circuit's decision in *Fidrych*.  While the Fourth Circuit indeed determined that Marriott had insufficient contacts with the forum state out of which the controversy arose to satisfy the requirements for specific personal jurisdiction, BTL's principal brief discusses *Fidrych*'s impact on the issue of general personal jurisdiction, on which it is most instructive.

makes clear that BTL did not send the equipment it sold to Medshift to North Carolina – it shipped the equipment directly to Revibe at Revibe's clinics in Oklahoma, Arizona, Washington, Utah, Texas, and California. (D.E. 17, ¶¶ 10, 14, 15)  BTL directed no relevant conduct toward North Carolina.

Lacking both general and specific personal jurisdiction over BTL, the Court must dismiss Revibe's First Amended Third-Party Complaint.

## CONCLUSION

For the reasons stated herein and in its Memorandum of Law in support of its Motion to Dismiss, BTL respectfully requests that Revibe's First Amended Complaint be dismissed for lack of personal jurisdiction.

This the 28th day of January, 2025.

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

BY: /s/ Jacob H. Wellman
Jacob H. Wellman – N.C. State Bar No. 28853
P.O. Box 19207
Raleigh, NC 27619-9207
Telephone: (919) 873-0166
Facsimile: (919) 873-1814
Emails: jwellman@teaguecampbell.com
***Attorney for Third-Party Defendant BTL Industries, Inc.***

**CERTIFICATE REGARDING THE USE OF ARTIFICIAL INTELLIGENCE**

I hereby certify, in accordance with the Court's Standing Order In Re: Use of Artificial Intelligence (Docket No. 3:24-mc-104), that no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in Lexis; and that every statement and every citation to an authority contained in this document has been checked by an attorney in this case as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 28th day of January, 2025.

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

BY: /s/ Jacob H. Wellman
Jacob H. Wellman – N.C. State Bar No. 28853

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

This the 28th day of January, 2025.

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

BY: /s/ Jacob H. Wellman
Jacob H. Wellman – N.C. State Bar No. 28853